No. _____

# United States Court of Appeals
# for the Federal Circuit

---

IN RE NOKIA INC. AND NOKIA CORP.,

Petitioners.

---

## PUBLIC PETITION FOR A WRIT OF MANDAMUS TO THE INTERNATIONAL TRADE COMMISSION

---

PATRICK J. FLINN
JOHN D. HAYNES
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St
Atlanta, GA 30309
(404) 881-7000

ROSS R. BARTON
ALSTON & BIRD LLP
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000
(704) 444-1000

*Attorneys for Petitioners Nokia Inc. and Nokia Corp.*

## CERTIFICATE OF INTEREST

Counsel for Petitioners Nokia Inc. and Nokia Corp. certifies the following:

1. *The full name of every party represented by me is*:

   Nokia Inc. and Nokia Corporation.

2. *The real name of the party in interest (if the party named in the caption is not the real party in interest) represented by me is*:

   Not applicable.

3. *All parent corporations and any publicly held companies that own 10 percent of more of the stock of the party or amicus curiae represented by me are*:

   Nokia Inc. is a wholly owned subsidiary of Nokia Corporation. There are no parent corporations and publicly held companies that own 10% or more of the stock of Nokia Corporation.

   It also bears note that Nokia Corp. has entered into an agreement with Microsoft Corp. under which, among other things, ownership of Nokia Inc. will be transferred to Microsoft Corporation; the transfer is expected by the end of April, 2014.

4. *The name of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are*:

   ALSTON & BIRD LLP

   Abe, James; Allen, Randall; Anderson, Van; Barton, Ross; Basinger, Charles; Bina, Kitty; Bojko, Lisa; Boozell, Jeffery; Branch, Thomas; Brown, Alex; Broyles, Keith; Capoccia, Rachel; Clayton, Natalie; Connor, Mike; Councill, Pamela; Davison, Tom; de la Torriente, Adriana; Flinn, Patrick; Frist, David; Ganske, Rodney; Gleason, Joseph; Hamm, Sherry; Haynes, John; Hsia, Sarah; Hubbard, William; Huynh, Dan; Jellins, Madison; Justus, Matt; Kale, Rohan; Kanzer, Alan; Kogan, Ben; Lasher, Alex; Lawson, Lance; Liotta, Jennifer;

McCarty, Mark; Medlock, George; Meyer, Krystle; Mullin, Marsha; Nixon, Coby; Norton, Dwayne; Pivnick, Scott; Pleune, Ben; Straight, Rob; Richardson, Matthew; Russell, Karol ; Schwartz, Jeff ; Seeger, Rich; Smith, Suzanne; Stevens, Scott; Suthar, Rishi; Swart, Jeffrey; Thompson, Chad; Thorpe, Charlena L; Underwood, Jamie; Urbanawiz, Matt; Wessels, Amber; Whitehurst, Alan; Wilson, Benn; Yalamanchili, Suchitra

QUINN EMMANUEL URQUART & SULLIVAN LLP

Bakewell, Eric; Ballard, Courtney E; Brinkman, Paul; Brooks, Kenny; Verhoeven, Charles; Curran, Patrick; Dooley, Nathan; Ducca, Marissa; Feliciano, Sahily; Fitch, Patrick; Galvin, Michael Jude; Goldstein, Ryan; Griffin, Justin; Knipe, Victor; Lee, Han; Long, Matt; Mosely, Laith; Papp, Bianca; Patel, Anand; Rowden, Cash; Searcy, Marshall; Shin, Deborah; Sparks, D Frederick; Stigliano, Roger; Taggart, Erica; Teritel, Mark; Tokar, Irene L.;Urquart, William; Whitmer, Tyler; Wins~ Lynette; Zunker, Tricia

| | |
|---|---|
| April 22, 2014 | /s/ Patrick J. Flinn |
| | Patrick J. Flinn |
| | Attorney for Petitioners |
| | Nokia Inc. and Nokia |
| | Corp. |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

RELIEF SOUGHT........................................................................................................ 4

ISSUE PRESENTED..................................................................................................... 4

FACTUAL BACKGROUND ........................................................................................ 4

REASONS WHY THE WRIT SHOULD ISSUE ........................................................ 11

    I.    MANDAMUS IS REQUIRED TO ENFORCE THIS COURT'S DIRECTION TO THE COMMISSION. ...........................................................12

    II.    AWAITING A DIRECT APPEAL EVADES REVIEW. ..................................16

    III.    THE COMMISSION RULING THAT NOKIA WAIVED ITS NON-INFRINGEMENT ARGUMENT IS A CLEAR ABUSE OF DISCRETION. ..18

CONCLUSION............................................................................................................ 22

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bankers Trust Co. v. Bethlehem Steel Corp.*,
761 F.2d 943 (3d Cir. 1985) ...............................................................15

*Bucolo v. Adkins*,
424 U.S. 641 (1976) (per curiam).........................................................13

*Burrell v. United States*,
467 F.3 160 ...................................................................................14, 15

*Certain Convertible Rowing Exercisers*,
Inv. No. 337-TA-212, Order No. 44, 1985 WL 303756 (July 26,
1985) ..................................................................................................18

*Certain Semiconductor Chips with Minimized Chip Package Size &
Prods. Containing Same*,
Inv. No. 337-TA-605, Comm'n Determination, 2009 WL 2350644 .................17

*Citibank, N.A. v. Fullam*,
580 F.2d 82 (3d Cir. 1978) ................................................................13

*City of Cleveland v. Fed. Power Comm'n*,
561 F.2d 344 (D.C. Cir. 1977)............................................................13

*Delgrosso v. Spang & Co.*,
903 F.2d 234 (3d Cir. 1990) .........................................................13, 14

*In re Chambers Development Co.*,
148 F.3d 214 (3d Cir. 1998) ...............................................................13

*In re Freescale Semiconductor, Inc.*,
290 Fed. Appx. 326 (Fed. Cir. 2008) ..................................................11

*In re MidAmerican Energy Co.*,
286 F.3d 483 (8th Cir. 2002) .........................................................12, 13

*In re Princo Corp.*,
478 F.3d 1345 (Fed. Cir. 2007) ..........................................................12

*InterDigital Commcn's, LLC v. Int'l Trade Comm'n*,
690 F.3d 1318 (Fed. Cir. 2012) ............................................................ 1, 7, 8, 14

*Iowa Utils. Bd. v. FCC*,
135 F.3d 535 (8th Cir. 1998), *vacated on other grounds*, 119 S. Ct.
1022 (1999) ........................................................................................ 13

*Johnson v. Zerbst*,
304 U.S. 458 (1938) *overruled in part on other grounds by*
*Edwards v. Arizona*, 451 U.S. 477 (1981) ........................................ 18

*Oswald v. McGarr*,
620 F.2d 1190 (7th Cir. 1980) ........................................................... 13

*Pavlyk v. Gonzales*,
469 F.3d 1082 (7th Cir. 2006) ........................................................... 18

*Roche v. Evaporated Milk Ass'n*,
319 U.S. 21 (1943) .............................................................................. 12

*Spansion, Inc. v. Int'l Trade Comm'n*,
Nos. 2009-1460, -1461 ........................................................................ 17

*United States v. United States District Court*,
334 U.S. 258 (1948) ............................................................................ 12

*Vieux Carre Property Owners, Residents & Assocs. v. Brown*,
948 F.2d 1436 (5th Cir. 1991) ........................................................... 14

*Vizcaino v. U.S. Dist. Court for W.D. of Washington*,
173 F.3d 713 (9th Cir. 1999) ............................................................. 13

*Will v. United States*,
389 U.S. 90 (1967) .............................................................................. 12

## RULES

Rule 9(v) ...................................................................................................... 19

iii

## INTRODUCTION

When the Court remanded this Investigation to the International Trade Commission, the panel (Judges Newman, Mayer, and Bryson) acknowledged that Nokia raised a non-infringement argument as an alternative ground for affirming the Commission's original determination that Nokia had not violated Section 337. Rather than affirm on that basis, however, the panel instructed the Commission to address Nokia's argument on remand because the Commission had not done so as part of the prior proceedings. *InterDigital Commcn's, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1329 (Fed. Cir. 2012).

On remand, however, the Commission has disregarded the Court's direction and has refused to consider this dispositive defense. The Commission incorrectly concluded that Nokia had waived the non-infringement defense in proceedings prior to the original appeal. This conclusion is clearly wrong and constitutes a clear abuse of discretion; Nokia raised the argument at each step in the proceeding, and tellingly, even InterDigital did not make a waiver argument when the defense was raised during the appeal. Even the Commission's Investigative Staff in the Office of Unfair Import Investigations agreed that Nokia did not waive this argument at any point and that the Commission's actions constituted disregard for the Federal Circuit's "express instruction" that Nokia be permitted to raise this defense on remand.

A writ of mandamus is necessary and appropriate when a lower tribunal disregards the direction of a superior tribunal when a case is remanded. There are at least three reasons why this extraordinary remedy is required here:

(1) Because exclusion orders are generally not stayed pending appeals, a Commission decision excluding Nokia products without consideration of this defense threatens to cause a substantial injustice;

(2) Because any exclusion order issued by the Commission will expire before a direct appeal therefrom can be prosecuted, a writ is the *only* way to ensure that Nokia's right to assert this defense will be respected;

(3) The issuance of a writ is the only way to give effect to the Federal Circuit's instruction that Nokia be permitted to raise its non-infringement defense on remand, and the Commission's decision to disregard this Court's instruction is so clearly wrong as to constitute a clear abuse of discretion.

The non-infringement defense Nokia tendered below and in the previous appeal will establish that its accused products do not infringe any of the remaining asserted claims. The only claims remaining under consideration are claims 1, 3, 8, 9, and 11 of U.S. Patent No. 7,190,966 and claim 5 of U.S. Patent No. 7,286,847. All asserted claims require a subscriber unit that transmits both a "signal" and a "message." The claims further require that both the "signal" and the "message" have to be (1) "transmitted" *and* (2) "generated using a same code." At every

point in the 613 Investigation, Nokia maintained that InterDigital cannot establish

infringement because it has not identified a single "code" or "signal" that meets

both requirements.  Instead, InterDigital consistently played a shell game in which

it would point to some sequences of bits as what is "transmitted" and different

sequences of bits for what is "generated using a same code."  Nokia maintained at

every turn its position that this was insufficient to show infringement, and in

particular, Nokia consistently maintained that the scrambling codes that

InterDigital points to as satisfying the "generated using a same code" limitation are

never "transmitted."

On February 4, 2013, the Commission issued an order directing the parties

to specify the issues to be addressed on remand.  Nokia identified the non-

infringement defense that this Court referred to in its remand opinion as one of the

issues to be addressed.  On  February 12, 2014, the Commission issued an order

remanding the matter to an Administrative Law Judge for trial of certain issues, but

stated, "[w]e find no evidence that Nokia ever argued to the ALJ or the

Commission that ███████████████████████████████████████

████████████."  The order also incorrectly stated that certain claims that

InterDigital did not appeal should be considered on remand.  Nokia then filed a

petition for reconsideration, showing how at every stage in the original proceeding,

Nokia had advanced the non-infringement defense.  On March 24, 2014, the

Commission issued an amended remand order, correcting the mistake on the asserted claims, but denying the motion for reconsideration on the waiver issues without explanation.

## RELIEF SOUGHT

Petitioners respectfully request that the Court grant this petition for a writ of mandamus, thereby directing the International Trade Commission to address the merits of Nokia's non-infringement argument that InterDigital cannot identify a single "code" or "signal" that is *both* "transmitted" and "generated from the same code" as the "message" as required by all remaining claims asserted in this Investigation.

## ISSUE PRESENTED

Whether this Court should direct the International Trade Commission to comply with the Court's mandate and address the merits of Nokia's non-infringement argument that InterDigital cannot identify a "code" or "signal" that is both "transmitted" and "generated from the same code" as the "message" as required by all remaining claims asserted in this Investigation.

## FACTUAL BACKGROUND

**Relevant Procedural History Leading this Court's Decision.**  On September 11, 2007, the International Trade Commission instituted Investigation No. 337-TA-613 based on a complaint filed by InterDigital Communications Corp. and InterDigital Technology Corp. (collectively, InterDigital) alleging violations of

section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337).  The notice of investigation named Nokia Corp. and Nokia Inc. as respondents and ordered an investigation into the infringement of certain claims of U.S. Patent Nos. 7,117,004 (the 004 patent); 7,190,966 (the 966 patent); 7,286,847 (the 847 patent); and 6,693,579 (the 579 patent).

On August 14, 2009, then Chief ALJ Luckern issued his final ID, finding that Nokia had not violated Section 337.  In pertinent part, he found that the asserted claims of the patents-in-suit are not infringed and that they are not invalid.

On October 16, 2009, the Commission determined to review Chief ALJ Luckern's ID in part, but ultimately affirmed his determination of non-infringement.  The Commission accepted Chief ALJ Luckern's construction of the claim limitations "code" and "increased power level" in the asserted claims of the 966 and 847 patents and his non-infringement findings based on those constructions.  The Commission thus terminated its investigation.

InterDigital appealed the Commission's final determination to this Court, but only with regard to the 966 and 847 patents.  In particular, InterDigital challenged the constructions of "code" and "increased power level" in both patents.

**Nokia's Argument on Appeal.**  Nokia intervened in InterDigital's appeal in support of the Commission's ruling.  In addition to supporting the Commission's

5

constructions for "code" and "increased power level" and the related non-infringement findings, Nokia advanced two other bases for upholding the Commission's determination of no violation. As relevant to this petition, Nokia argued that InterDigital could not identify any sequence of chips satisfying all the necessary claim limitations (Nokia App. Br. at 66-68). All remaining claims required a "code" or "signal" and a "message" and that the "code" or "signal" and "message" are both (1) "transmitted" and (2) "generated using a same code."

InterDigital must rely on the sequence of chips that makes up the PRACH preamble for the transmitted "signal" because that is the only sequence of chips that is transmitted (Nokia App Br. at 66). Similarly, InterDigital must accuse the sequence of chips that makes up the PRACH message as the transmitted "message" (*id.* at 66). But the PRACH preamble and the PRACH message are created using significantly different processes (*id.*).

The only relationship between the PRACH preamble and the PRACH message that could satisfy the "generated using a same code" claim element are the two separate scrambling codes applied prior to transmission (Nokia App. Br. at 67). Assuming that the two scrambling codes meet the "generated using a same code" element, the scrambling codes are never transmitted (*id.* at 67).

In short, while the PRACH preamble and PRACH message are "transmitted," they are not "generated using a same code" (Nokia App. Br. at 66-

67). And while the PRACH preamble and the PRACH message each have a scrambling code applied prior to transmission, those separate scrambling codes are never "transmitted" (*id.* at 67). Thus, there is no sequence of chips that satisfies all the necessary claim elements.

Notably, while InterDigital disagreed with Nokia's argument, InterDigital never argued on appeal or at any point before the case was returned to the Commission that Nokia waived that argument (IDC App. Reply at 25-26).

**This Court's Decision.** On August 1, 2012, this Court issued its opinion in which it reversed the Commission's construction of the claim limitations "code" and "increased power level" in the 966 patent and the 847 patent and the non-infringement findings based on those constructions. *InterDigital Commcn's, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1329 (Fed. Cir. 2012). The Court remanded the Investigation to the Commission for further proceedings. *Id.* In its opinion, the Court acknowledged Nokia's argument that InterDigital cannot establish infringement because InterDigital could not identify any sequence of chips satisfying all the necessary claim limitations in view of the fact that the scrambling codes are never transmitted. *Id.* at 1329. Because the Commission had not ruled on that argument, the Court declined to uphold the determination of no violation on that basis. *Id.* The Court clearly stated, however, that "if Nokia

wishes to raise [that argument] again before the Commission," it "may be raised on remand." *Id.*

Nokia filed a petition for panel rehearing and rehearing *en banc* on InterDigital's inability to establish licensing based domestic industry because there is no evidence of "an article protected by the patent." The Court denied that request, and on January 17, 2013, the mandate issued, returning jurisdiction to the Commission.

**Procedural History Following this Court's Remand.** On February 4, 2013, the Commission issued an order soliciting comments from the parties as to what further proceedings were necessary to comply with the Court's mandate (Feb 4, 2013 Comm. Order, attached as Exhibit A). On February 14, 2013, Nokia submitted the requested comments to the Commission in which it explained that many issues, including issues of infringement and validity, remained to be decided on remand. In particular, Nokia maintained its position that its accused products do not infringe because InterDigital cannot identify any single sequence of chips that satisfies both the (1) "transmitted" and (2) "generated using a same code" limitations in view of the fact that the scrambling codes are never transmitted (Feb. 14, 2013 Comments at 3-4, attached as Exhibit B). Nokia further noted that although the issue was fully briefed during the Investigation (both to the ALJ and the Commission, as well as to this Court), neither Chief ALJ Luckern nor the

Commission ever addressed that argument.  Nokia further informed the

Commission that the Federal Circuit specifically indicated that Nokia could raise

the issue on remand (*id*. at 4).  Nokia informed the Commission that it intended to

continue to pursue the issue on remand (*id*.).

On February 12, 2014, the Commission issued its order and opinion

remanding the Investigation to the ALJ to take evidence and issue an initial and

recommended determination on certain issues (Feb. 12, 2014 Comm. Op., attached

as Exhibit C).  The Commission determined that Nokia waived what it

characterized as Nokia's argument that ███████████████████████████

████████████████████████████████████████ (*id*. at 40).

Specifically, the Commission stated that Nokia argued that the ████████████

████████████████ are not "generated using a same code," but had never argued

that the ███████████████████████████████ (*id*. at 20-21).

The Commission acknowledged that the "Court specifically indicated that Nokia

may raise this issue before Commission," but dismissed the Court's specific

directive (*id*. at 21) over the objections of both Nokia and the Commission

Investigative Staff.  The Commission suggested that the Court's statement was

made on the mistaken assumption that the argument had been properly presented

below (*id*.).  Thus, the Commission did not direct the ALJ to consider this argument on remand.[1]

On February 24, 2014, Nokia filed a petition for reconsideration of the Court's order and opinion remanding the Investigation.  Nokia challenged the Commission's failure to adhere to the Court's mandate regarding its non-infringement argument as well as the Commission's ruling that the argument was waived.[2]  In particular, Nokia argued that the Commission was bound by the Court's directive that Nokia was permitted to raise the argument on remand (Nokia Pet. Recon. at 10-11, attached as Exhibit D).  Nokia also thoroughly traced its presentation of that argument through its pre- and post-hearing briefs, its proposed findings of fact, its contingent petition for review, and its brief before the Court (*id*. at 4-9).

---

[1] Another error made by the Commission was its finding that the asserted claims are not invalid.  Because this Court's opinion called for a broader construction of the terms "code" and "signal" than any party had advocated below, Nokia pointed out to the Commission that it needed to consider invalidity under the new construction.  Because this error does not contravene a specific direction of this Court, however, Nokia does not raise it as a ground for the requested Writ.  Instead, Nokia is simply identifying this error out of an abundance of caution so that it cannot later be accused by InterDigital of waiving this issue.

[2] In addition to the Commission's waiver finding, Nokia also requested reconsideration of the Commission's order remanding certain non-appealed claims of the 847 patent for further consideration by the ALJ.  InterDigital agreed that the non-appealed claims of the 847 patent were no longer at issue.  The Commission thus granted-in-part Nokia's petition to remove those non-appealed claims, leaving claim 5 as the only asserted claim of the 847 patent.

On March 24, 2014, the Commission issued a revised order and opinion remanding the Investigation in response to Nokia's petition for reconsideration. The Commission maintained its ruling that Nokia waived its non-infringement argument, and did not address Nokia's showing in its motion for reconsideration (Mar. 24, 2014 Rev. Op. at 18-19, 37-38, attached as Exhibit E).

This petition followed.

## REASONS WHY THE WRIT SHOULD ISSUE

The Federal Circuit has limited the availability of mandamus to "extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re Freescale Semiconductor, Inc.*, 290 Fed. Appx. 326, 327 (Fed. Cir. 2008). As petitioner, Nokia bears the burden of proving that a writ of mandamus is the only means of attaining the desired relief and that the right to issuance of the writ is "clear and indisputable." *Id.*

The writ of mandamus here is necessary to correct the Commission's clear abuse of discretion, as Nokia maintained its non-infringement argument at every stage of this Investigation and appeal. The writ is also necessary to give force and meaning to this Court's express instruction that Nokia be permitted to raise this argument on remand. A writ of mandamus is the only means of obtaining the desired relief, as the realities of the timing of a direct appeal would cause this issue to evade review. Finally, Nokia's right to the issuance of the writ is clear and

indisputable, as Nokia did not waive this dispositive non-infringement argument. Indeed, if there was a waiver here, it would be InterDigital's for failing to even argue Nokia's alleged waiver in the prior appeal.

## I.    Mandamus Is Required to Enforce This Court's Direction to the Commission.

This Court has both the authority and the obligation to enforce compliance with its mandate through a writ of mandamus.  *In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), vests authority in '[t]he Supreme Court and all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"); *In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) ("Ultimately, [w]e have not only the power, but also a duty to enforce our prior mandate to prevent evasion." (internal quotation marks omitted)).  The traditional function of the writ of mandamus is to "'confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  *Will v. United States,* 389 U.S. 90, 95 (1967) (quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26 (1943)).

A writ of mandamus is the proper vehicle to enforce an appellate court's mandate.  *See Will v. United States*, 389 U.S. 90, 95-96 (1967) (noting that mandamus is appropriate when "necessary to confine a lower court to the terms of an appellate tribunal's mandate" (citing *United States v. United States District*

*Court*, 334 U.S. 258 (1948)).[3]  The appellate court's power to enforce its mandate

through a writ of mandamus applies equally against an administrative agency.

*Iowa Utils. Bd. v. FCC*, 135 F.3d 535, 541 (8th Cir. 1998) ("A federal court's

power to utilize mandamus to enforce its prior mandate against an administrative

agency is firmly established."), *vacated on other grounds*, 119 S. Ct. 1022 (1999);

*City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 346 (D.C. Cir. 1977)

("The decision of a federal appellate court establishes the law binding further

action in the litigation by another body subject to its authority. . . . These

principles, so familiar in operation within the hierarchy of judicial benches, indulge

no exception for reviews of administrative agencies." (internal quotation marks,

alterations, and footnotes omitted)).

---

[3] *See also In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002) ("A federal court's power to utilize mandamus to enforce its prior mandate is firmly established."); *In re Chambers Development Co.,* 148 F.3d 214, 224 (3d Cir. 1998) ("For example, mandamus is appropriate when a district court has failed to adhere to the mandate of an appellate court."); *Vizcaino v. U.S. Dist. Court for W.D. of Washington*, 173 F.3d 713, 719 (9th Cir. 1999) ("[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy."); *Delgrosso v. Spang & Co.*, 903 F.2d 234, 238 (3d Cir. 1990) ("[C]ourts have consistently issued the writ when a district court has failed to adhere to an appellate court mandate."); *Oswald v. McGarr*, 620 F.2d 1190, 1195 (7th Cir. 1980) ("A court of appeals has the power to enforce its mandate and mandamus is an appropriate remedy to enforce a previous judgment of an appellate court." (citing *Bucolo v. Adkins*, 424 U.S. 641 (1976) (per curiam)); *Citibank, N.A. v. Fullam*, 580 F.2d 82, 86-87 (3d Cir. 1978) (noting that appellate courts "have uniformly granted such writs where . . . the district court has failed to adhere to an order of the court of appeals.").

Issuing a writ of mandamus to the Commission is necessary to protect this Court's mandate. In its opinion, the Court recognized Nokia's argument that InterDigital could not establish infringement because the scrambling codes in Nokia's accused products were not transmitted, but declined to rely on that argument because the Commission had not ruled on it. *InterDigital*, 690 F.3d at 1329. The Court specifically noted, however, that "if Nokia wishes to raise [that argument] again before the Commission," it "may be raised on remand." *Id.* The Commission's refusal to allow Nokia to raise this argument on remand is a violation of this Court's mandate. *Delgrosso v. Spang & Co.*, 903 F.2d 234, 237-40 (3d Cir. 1990) (holding that district court violated mandate by not deciding issues it was directed to decide on remand); *Vieux Carre Property Owners, Residents & Assocs. v. Brown*, 948 F.2d 1436, 1443 (5th Cir. 1991) (holding that district court violated mandate by failing to consider issues it was directed to decide on remand). "[W]here issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." *Burrell v. United States*, 467 F.3 160, 165 (2d Cir. 2006) (internal quotation marks omitted).

Importantly, InterDigital did not allege that Nokia previously waived this argument when the case was pending before the Federal Circuit. Instead, InterDigital argued first that the Federal Circuit "may not affirm an *agency*

decision on a ground not reached by the agency" (InterDigital's 613 Appeal Reply Brief at 25 (emphasis in original)) and that, in any event, Nokia's position was wrong on the merits (*id*. at 26). The only party to this Investigation who waived anything is InterDigital; if anything, InterDigital's (correct) decision to not allege waiver to this Court in the prior appeal constitutes waiver of its current (incorrect) argument that Nokia has waived its non-infringement defense. Now, however, InterDigital maintains that Nokia's non-existent waiver somehow trumps InterDigital's undeniable waiver.

The Commission contravened the Court's mandate by ignoring that clear directive. "It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Trust Co. v. Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir. 1985). "A trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* There can be no doubt that the Court's opinion permitted Nokia to raise its non-infringement argument on remand. The Commission recognized its obligation to take up Nokia's argument on remand as it observed that "the Court specifically indicated that Nokia may raise this issue before the Commission," but it then refused to follow that

15

instruction because it erroneously determined that Nokia had not preserved the argument below (Mar. 24, 2014 Rev. Comm. Op. at 19).

The Court's opinion left no room for the Commission to refuse to consider the merits of Nokia's arguments. The Commission's preemptive failure to do so is a violation of the Court's mandate and opinion, which must be corrected by issuing the requested writ of mandamus.

## II.    Awaiting a Direct Appeal Evades Review.

A writ of mandamus is the only means of attaining the desired relief; a direct appeal of the Commission's clear error will not remedy this situation because the expiration of the patents would either render the direct appeal moot or irreparably harm the parties.

Nokia's non-infringement defense would establish that it has not violated Section 337 with regard to any remaining asserted claims. Because of the limited duration of enforceability remaining in the asserted patents, however, a direct appeal would not allow Nokia to vindicate its rights. Based on the current procedural schedule, the Commission's target date for completion of the Investigation is August 28, 2015. If the Commission were to recommend the issuance of an exclusion order, the President of the United States is required to engage in a policy evaluation of the Commission's determination to issue an exclusion order within a 60-day review period. If the President either takes no

action or approves of the exclusion order, the exclusion order would go into effect on October 27, 2015. Although Nokia could file a direct appeal on October 28, 2015, it is a virtual certainty that the Federal Circuit would not receive briefing, hear oral argument, and issue an Opinion before the patents expire on June 27, 2016, a mere eight months after the entry of the exclusion order. During that eight month period, Nokia would be irreparably harmed by the exclusion order. Thus, a direct appeal does not provide Nokia with an avenue to vindicate its rights before the patents expire, at which point the appeal is moot.

The possibility of a stay of the enforcement of an exclusion order pending appeal does not solve this problem, and in fact presents a very difficult conundrum for this Court. As an initial matter, Commission exclusion orders are generally not stayed pending appeal, *see, e.g.*, *Spansion, Inc. v. Int'l Trade Comm'n*, Nos. 2009-1460, -1461, -1462, -1465, 2009 WL 2876448 (Sept. 8, 2009); *Certain Semiconductor Chips with Minimized Chip Package Size & Prods. Containing Same*, Inv. No. 337-TA-605, Comm'n Determination, 2009 WL 2350644 (July 29, 2009. Further, InterDigital can be expected to argue against any stay of an exclusion order pending appeal because it would be irreparably harmed due to the fact that the patents expire in mid-2016. At the same time, failing to stay the exclusion order pending appeal would unquestionably harm the petitioners by exposing them to an unjust exclusion order that would irreparably damage their

customer goodwill and reputation.  The reality of the timing of a direct appeal, when coupled with the limited life of the 966 and 847 patents, means that a direct appeal would evade review.  Thus, issuance of a writ of mandamus is the only way to avoid irreparable harm.

### III.    The Commission Ruling That Nokia Waived Its Non-Infringement Argument Is A Clear Abuse Of Discretion.

The Court's opinion left no room for the Commission's waiver ruling, but in any event, the Commission's waiver ruling is nonetheless clear error that constitutes a clear abuse of discretion.  The Supreme Court defines waiver as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) *overruled in part on other grounds by Edwards v. Arizona*, 451 U.S. 477 (1981).  The federal courts and the ITC rely on this same definition.  *See, e.g.*, *Pavlyk v. Gonzales*, 469 F.3d 1082, 1091 (7th Cir. 2006) (rejecting waiver argument where party did not intentionally relinquish or abandon contentions at issue); *Certain Convertible Rowing Exercisers*, Inv. No. 337-TA-212, Order No. 44, 1985 WL 303756, at *2 (July 26, 1985).

Nokia has maintained throughout this Investigation that InterDigital cannot identify any sequence of chips that satisfies all the limitations of the remaining asserted claims because it cannot identify a "signal" or "code" and a "message" that are both "transmitted" *and* "generated using a same code."  Thus, the Commission's waiver ruling is clearly incorrect.

18

On appeal, Nokia argued the Commission's ruling of non-infringement should be upheld because there is no "sequence of chips" that satisfies the limitations of the remaining asserted claims (Nokia App. Br. at 66). The remaining asserted claims each require that the "code" (or signal) and the "message" be both "transmitted" *and* be "generated using a same code*"* (*id.*). No single sequence satisfies both elements.

Nokia's Petition for Reconsideration of the Commission's Remand Order sets forth every instance in which Nokia preserved this argument, and is attached for the Court's consideration should it desire to review the numerous, detailed cites in which Nokia presented this argument (*see* Exhibit D). The ITC rules are clear when an issue must be raised or deemed waived. It must be presented in the prehearing brief, (Inv. No. 337-TA-613, Order No. 1, Ground Rule 9(v)), the post-hearing brief and any proposed findings of fact, and in petitions for review to the Commission (*see* 19 C.F.R. § 210.43(b)(2)). Nokia presented the non-infringement defense at *each* of these stages, as even the Commission's Investigative Staff acknowledged.

Nokia's Pre-Hearing Brief stated that "[e]ven under InterDigital's construction, however, ███████████████████████████████████████ ████████████████████████, as discussed above, InterDigital cannot identify a single code that is both 'transmitted' and that is 'associated with' the

code signals" (Nokia's Pre-Hearing Brief at II-103).  Nokia continued by arguing

that, "[u]nder InterDigital's proposed construction that a 'code' is a 'sequence of

chips,' the ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████" (*id*. at II-127).  Nokia concluded by pointing out that

the net result of InterDigital's shell game was that "it cannot identify a single

sequence of chips that satisfies all of the claim limitations" (*id*. at II-134).

Nokia's Post-Hearing brief pointed out that "[i]f, as InterDigital contends, a

'short code' is a 'sequence of chips,' no single sequence of chips in the Nokia

handsets meets all the requirements a 'short code' must fulfill according to the

other claim elements" (Nokia's Post-Hearing Brief at II-30).  In arguing that

"InterDigital cannot identify a single sequence of chips in ███████████████

████████████████████████████ as meeting the requirements of the

'short code'" (*id*. at II-30), Nokia cited to hearing demonstratives and testimony

establishing that InterDigital cannot identify any one "code" or "signal" that meets

the limitations of the claims:



(*Id.* at II-30-31.)  Nokia directly addressed this issue, noting that "[n]o 'sequence of chips' in the accused devices," including the ███████████████████ ███, "fulfills these requirements" (*id.* at II-31).

Moreover, Nokia's Proposed Findings of Fact numbered RFF II-380 through RFF II-390 provided that "InterDigital cannot identify a single code signal in Nokia's accused products that satisfies each of limitation of the 'code signals' term" (RFF II-380).  Nokia also stated unambiguously that "███████████ ███████████████████████" (*id.* at II-385).

Nokia also preserved this issue in its Contingent Petition for Review to the Commission.  In Section III.V.A.5, entitled "The ID Cannot Be Overturned Without Review of InterDigital's Inconsistent Mapping of Claim Limitations," Nokia explained why " ████████████████████████████ ████████████████████████████████ ███████████████████████ " (Nokia's Contingent Petition at 49).

At every stage in this Investigation and Appeal, Nokia maintained this non-infringement argument.  The Commission's waiver ruling is clearly and indisputably erroneous.  Although InterDigital will undoubtedly argue that one particular sentence is not present or that somehow this argument was not preserved, a review of the actual record – including the appellate record in which Nokia previously presented this argument to the Federal Circuit and InterDigital did not even allege  waiver – reveals that the Commission's waiver ruling is so erroneous as to constitute a clear abuse of discretion.

## CONCLUSION

The Court should issue a writ of mandamus to direct the Commission to comply with the Court's mandate and opinion and address the merits of Nokia's non-infringement argument that InterDigital cannot identify a "code" or "signal" that is both "transmitted" and "generated from the same code" as the "message," as required by all remaining claims asserted in this Investigation.  Not only is

issuance of a writ of mandamus necessary to make the Commission follow the

express instructions contained in this Court's mandate, but issuance of a writ of

mandamus is necessary because this issue cannot be adequately resolved in a direct

appeal from a final determination.

Dated: April 22, 2014

By: /s/ Patrick J. Flinn
    Patrick J. Flinn
    John D. Haynes
    ALSTON & BIRD, LLP
    1201 W. Peachtree Street
    Atlanta, Georgia 30309
    (404) 881-7000 (telephone)
    (404) 881-7635 (facsimile)

    ROSS R. BARTON
    ALSTON & BIRD LLP
    Suite 4000
    101 South Tryon Street
    Charlotte, NC 28280-4000
    (704) 444-1000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a true and correct copy of the foregoing document was served by the indicated means to the persons at the addresses below:

| Administrative Law Judge | |
|---|---|
| The Honorable Theodore R. Essex<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317<br>Washington, DC 20436 | Via Hand Delivery |
| **Office of the General Counsel, U.S. International Trade Commission** | |
| Megan M. Valentine<br>Office of the General Counsel, U.S.<br>International Trade Commission<br>500 E Street, SW<br>Washington, DC 20436 | Via Hand Delivery |
| **Office of Unfair Import investigations** | |
| Lisa Murray<br>Office of Unfair Import investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 401<br>Washington, DC 20436 | By Hand Delivery |
| **Counsel for Complainants InterDigital Communications Corp. and InterDigital Technology Corporation** | |
| Maximilian A. Grant<br>Bert C. Reiser<br>Matthew J. Moore<br>Latham & Watkins LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004 | Via Overnight Delivery |
| David S. Steuer<br>Michael B. Levin<br>Maura L. Rees<br>WILSON SONSINI GOODRICH & ROSATI<br>PC<br>650 Page Mill Rd.<br>Palo Alto, CA 94304-1050 | Via Overnight Delivery |

Dated:  April 22, 2014                                    /s/Ross R. Barton

                                                               _____

                                                               Ross R. Barton